**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

SAMUEL THORNE,

      **Petitioner,**

   **v.**                             **CIVIL ACTION NO. 1:11cv171**
                                          **(Judge Keeley)**

UNITED STATES OF AMERICA,

      **Respondent.**

## REPORT AND RECOMMENDATION

### I.  BACKGROUND

On October 25, 2011,  the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to

28 U.S.C. §2241.   The petitioner paid the required filing fee on that same date.  This matter is pending

before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II.  FACTS

On September 18, 2007, the petitioner was charged in a three-count indictment in the Northern

District of West Virginia. On October 6, 2008, the petitioner pleaded guilty to Count One (1) of the

indictment, being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1). On December

19, 2008, the petitioner was committed to the custody of the United States Bureau of Prisons to be

imprisoned for a total term of thirty-seven (37) months to be followed by three (3) years of supervised

release.  The petitioner did not appeal his conviction nor did he file a collateral attack pursuant to 28

U.S.C. § 2255.[1]  See 3:07-cr-00077-JPB-DJJ  (United States District Court Northern District of West

---

[1]Under ADEPA's one-year statute of limitation, it is clear that the petitioner can no longer
timely file a § 2255 petition.  Moreover, pursuant to the plea agreement, the petitioner waived his
right to filed a collateral attack, including but not limited to, a motion brought under Title 28, United
States Code, Section 2255. (3:07-cr-00077-JPB-DJJ, Doc. 23, p. 4).

Virginia). The petitioner was released from the custody of the BOP on September 30, 2011. See

www.bop.gov. The petitioner appears to be in the custody of the Department of Homeland Security

awaiting deportation proceedings. At the time the petitioner initiated this action, he was located in

Atlanta, Georgia, but provided a change of address on November 28, 2011, asking that all documents be

sent to Columbia, South Carolina.

### III. Claims of the Petition

In support of his § 2241 petition before this Court, the petitioner states three grounds for relief:

> 1. His attorney did not advise him that a plea would result in deportation
>
> 2. His attorney did not explain all the circumstances of his plea.
>
> 3. His Sixth Amendment rights to counsel were violated when he was not
> fully informed by his attorney.

For relief, the petitioner asks that his sentence be reduced.

### IV. Analysis

### A. Lack of Jurisdiction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to

proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus,

pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than

its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of section

2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas

corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows

a prisoner to challenge the validity of his conviction or sentence under section 2241 **if** he can demonstrate

that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255.

A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or

ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed

to be "inadequate and ineffective" to test the legality of a conviction or sentence **only** when all three of

the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the
> Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255
> motion, the substantive law changed such that the conduct of which
> the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section
> 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging his sentence. Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 18 U.S.C. § 922(g) remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.[2]

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED.**

---

[2]The undersigned notes that a writ of habeas corpus is directed to the person having custody of the person detained. See 28 U.S.C. §2243. Therefore, a "writ of habeas corpus does not act upon the prisoner who seeks habeas relief, but upon the person who holds him in . . . custody". Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 494 (1973). Thus, the proper respondent in a habeas action is the custodian of the prisoner. Rumsfeld v. Padilla, 542 U.S. 426, 434, 435 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court, therefore, the only proper respondent is the petitioner's custodian). Consequently, a court cannot entertain a habeas corpus petition unless it has jurisdiction over the petitioner's custodian. Billiteri v. United States Bd. of Parole, 541 F.2d 938, 948 (2d 1976). Accordingly, this matter could be transferred to Atlanta, Georgia, where the petitioner was "confined" when he originally initiated this action. However, given that the petition is clearly without merit, the undersigned concludes that it would be a waste of judicial time and economy to transfer the matter.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may filed with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: December 21, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE