IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SAMUEL THORNE,**

    **Petitioner**

**v.**                    //        **CIVIL ACTION NO. 1:11CV171**
                                              **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On October 25, 2011, the pro se petitioner, Samuel Thorne ("Thorne"), filed a petition pursuant to 28 U.S.C. § 2241. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2.

On December 21, 2011, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") recommending that Thorne's motion be denied and the case be dismissed with prejudice. (Dkt. No. 7). Magistrate Judge Kaull determined that the petitioner improperly filed a § 2241 petition because Thorne's motion challenges his sentence, not its execution, and fails to demonstrate that 28 U.S.C. § 2255 is in adequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The R&R also specifically warned that failure to object to the recommendation would result in the waiver of any appellate rights on this issue. The parties did not file any objections.*

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety. Accordingly, the Court **DENIES** the petitioner's § 2241 petition (dkt. no. 1) and **ORDERS** the case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: January 13, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

* The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).